FILED

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

OCT 2 2 2007

CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. **2:07cr260-MHT** |
| | ) | [18 USC § 2252A(a)(2); |
| WILLIAM TOBY KIMBROUGH | ) | 18 USC § 2252A(a)(5)(B)] |
| | ) | |
| | ) | INDICTMENT |

The Grand Jury charges:

## COUNT 1

On or about August 27, 2007, in Montgomery County, within the Middle District of Alabama,

### WILLIAM TOBY KIMBROUGH

defendant herein, did knowingly receive child pornography, that is, visual depictions of minors engaging in sexually explicit conduct, which had been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer. All in violation of Title 18, United States Code, Section 2252A(a)(2).

## COUNT 2

On or about August 27, 2007, in Montgomery County, within the Middle District of Alabama,

### WILLIAM TOBY KIMBROUGH

defendant herein, did knowingly possess a computer containing images of child pornography, that is, visual depictions of minors engaging in sexually explicit conduct. The visual depictions had been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer. All in violation of Title 18, United States Code, Section 2252A(a)(5)(B).

1

## FORFEITURE ALLEGATION

A.     Counts 1 and 2 of this indictment are incorporated herein by reference.

B.     Upon conviction for either of the offenses alleged in Counts 1 and 2 of this indictment, the defendant,

### WILLIAM TOBY KIMBROUGH

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 2253:

(1)     any visual depiction described in Title 18, United States Code, Section 2252A, or any book, magazine, periodical, film, videotape, computer disk, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of that Section;

(2)     any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and,

(3)     any property, real or personal, used and intended to be used to commit and to promote the commission of such offense.

C.     If any of the property described in this forfeiture allegation, as a result of any act an omission of the defendant,

(1)     cannot be located upon the exercise of due diligence;

(2)     has been transferred and sold to, and deposited with a third person;

(3)     has been placed beyond the jurisdiction of the court;

(4)     has been substantially diminished in value; or

(5)     has been commingled with other property which cannot be divided without difficulty, the United States intends to seek an order of this Court forfeiting any other property of said defendant up to the value of any property described in paragraph B above.

All in violation of Title 18, United States Code, Section 2252.

2

A TRUE BILL:

Foreperson

LEURA G. CANARY
UNITED STATES ATTORNEY

John T. Harmon
Assistant United States Attorney

Nathan D. Stump
Assistant United States Attorney

3