IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v | ) | CR. NO. 2:07CR260-MHT |
| | ) | |
| WILLIAM TOBY KIMBROUGH | ) | |

## ORDER

In accordance with the Bail Reform Act, 18 U.S.C. § 3141 *et seq.*, the Court held a detention hearing on December 18, 2007, pursuant to the Government's Motion for Detention (Doc.#4). From the evidence at hand, the Court **DETAINS** the defendant pending trial.

### Part I -- Findings of Fact

Probable cause exists to believe the defendant has committed an offense for which the maximum term of imprisonment of ten years or more is prescribed in 18 U.S.C. § 2252A(a)(2). The indictment charges the defendant with receipt of child pornography through means of interstate commerce and possession of a computer which contained images of child pornography which had been shipped in interstate commerce. The defendant poses a danger to the community if released pending trial. No condition or combination of conditions will reasonably assure the safety of the community.

### Part II - Written Statement of Reasons for Detention

I find the credible testimony and information submitted at the hearing establishes by clear and convincing evidence hotel employees saw the defendant ("Kimbrough") masturbating in a public

parking lot adjacent to a hotel in Montgomery, Alabama on August 27, 2007. When the officers came to the parking lot to arrest the defendant he was inside his car. Kimbrough lives near Tallassee, Alabama but at arrest he had a cell phone with a New York telephone number and a Florida driver's license. A search of the car incident to arrest revealed a computer on the seat next to the defendant was downloading files. The file names caused the officers to believe the files downloading into the computer were child pornography. A search warrant executed upon the computer revealed at least 11 files known to law enforcement to contain child pornography produced outside Alabama. While the forensic computer examination was pending, Detective Garner Clark of the Montgomery, Alabama Police Department decided to interview Kimbrough. Approximately 1 week after his arrest on the public lewdness charge, Kimbrough came to the Department and met with Detective Clark. During the meeting, Kimbrough told Clark that on the day of his arrest he had pulled into the parking lot to work on the computer. Among other things, Kimbrough said he was a computer professional; a computer hacker; and he had extensive computer training. Further, Kimbrough said the computer might contain child pornography and computer programs which he could use to create computer viruses. Toward the end of the conversation, Kimbrough told Clark he sometimes tutors elementary school children on the use of computers in his home.

After the interview, forensic analysis of the computer revealed the 11 child pornography files on the computer which are the backbone of the indictment pending against the defendant. The analysis did not reveal the computer programs which Kimbrough might use to create a computer virus. Other than part-time employment unrelated to the computer profession, the court has no evidence the defendant is employed by anyone.

The Court finds the release of Kimbrough into the community poses a danger which cannot

be mitigated by conditions and restrictions. The Court accepts and agrees with the testimony of Detective Garner that the absence of the virus software on the computer signals Kimbrough has other computers elsewhere. Further, the Court finds Kimbrough's act of public lewdness is compelling evidence that Kimbrough lacks control over his sexual urges. The Court determines it cannot fashion means, short of incarceration pending trial, to protect the community from the defendant. From all the foregoing facts, which constitute clear and convincing evidence, the Court finds Kimbrough to be a danger to the community. Further, the court finds there are no conditions or combination of conditions which will reasonably assure the protection of the community and that the defendant should be detained.

### Part III - Directions Regarding Detention

Therefore, it is ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of any appearance in connection with a court proceeding.

Done on December 19, 2007.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE