IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | CR. NO.  2:07cr00260-MHT |
| ) | |
| WILLIAM TOBY KIMBROUGH ) | |
| ) | |

## PLEA AGREEMENT

**DEFENSE COUNSEL:**           DANIEL G. HAMM

**ASSISTANT U.S. ATTORNEY:**   NATHAN D. STUMP

**COUNTS AND STATUTES CHARGED:**

Count 1    18 USC § 2252A(a)(2)
           Receiving Child Pornography in Interstate Commerce by Computer

Count 2    18 USC § 2252A(a)(5)(B)
           Possessing Child Pornography

**COUNTS PLEADING PURSUANT TO PLEA AGREEMENT:**

Count 1    18 USC § 2252A(a)(2)
           Receiving Child Pornography in Interstate Commerce by Computer

**PENALTIES BY COUNT - MAXIMUM PENALTY:**

Count 1    18 USC § 2252A(a)(2)
           A term of imprisonment which may not be less than 5 years and no more than 20 years, a fine not to exceed $250,000, or both the fine and the imprisonment; a term of supervised release of no more than life; an assessment fee of $100.00; and restitution to any victims of the offense.

**ELEMENTS OF THE OFFENSE:**

To prove a violation of **18 USC § 2252A(a)(2)**, the United States must establish beyond a reasonable doubt that the defendant (1) knowingly received (2) a visual depiction of a minor engaging in sexually explicit conduct (3) that had been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer.

With the authorization of the defendant, the parties to this action have entered into discussions with a view towards reaching a pretrial conclusion of the charges pending in the Indictment. As a result of those discussions, the parties have reached a Plea Agreement. This Plea Agreement is being submitted to the Court pursuant to Rules 11(c)(1)(A) and 11(c)(1)(C) of the Federal Rules of Criminal Procedure, and both the Government and the defendant understand that, in accordance with those Rules, if the Court should decide not to accept the Plea Agreement, the defendant has the right to withdraw his plea of guilty.

The specific terms of the Plea Agreement are set forth below:

### **GOVERNMENT'S PROVISIONS**

1.  So long as the defendant does not obstruct justice or otherwise fail to accept responsibility for the offense conduct, the Government agrees that a 2-level reduction in the applicable offense level for acceptance of responsibility is appropriate, pursuant to U.S.S.G. § 3E1.1(a), and further agrees to move at sentencing for an additional 1-level decrease based on the defendant's timely notification of his intent to plead guilty, pursuant to U.S.S.G. § 3E1.1(b).

2.  The Government agrees to move at sentencing for a downward departure of at least three levels pursuant to U.S.S.G. § 5K1.1 and 18 USC § 3553(e) to reflect the defendant's substantial assistance, so long as the Government is still satisfied at sentencing that the information provided by the defendant is truthful. Determination of whether the defendant has provided truthful information is at the sole discretion of the Government.

3.  The Government agrees with the defendant to a sentence within the range determined by the Court to be applicable under the United States Sentencing Guidelines, so long as the Government files and the Court grants the motions contemplated in paragraphs 1 and 2 above.

4. The Government further agrees to recommend at sentencing that the Court order the federal sentence imposed in this case to run concurrently with any sentence imposed on the defendant by the State of Alabama as a result of any state prosecution stemming from the facts that support the defendant's criminal conviction in this case.

5. Upon the Court's acceptance of the defendant's guilty plea, the Government will move at sentencing to dismiss Count 2 of the Indictment.

6. The Government agrees not to pursue any other criminal charges against the defendant stemming from the facts that support his conviction in this case, or to use against the defendant, directly or indirectly, any information that he truthfully discloses to the Government during the course of his cooperation, except in the case of a crime of violence or a subsequent prosecution for perjury, false statements, or obstruction of justice.

7. If the defendant provides substantial assistance to the United States in any future case, as contemplated in the Cooperation Agreement set forth herein, the Government will file a motion for downward departure under Rule 35 of the Federal Rules of Criminal Procedure. Determination of whether the defendant has provided substantial assistance sufficient to warrant any such motion is at the sole discretion of the Government.

8. The Government reserves the right to inform the Court and the United States Probation Office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses and the defendant's background.

## **DEFENDANT'S PROVISIONS**

9. The defendant agrees to plead guilty to Count 1 of the Indictment.

10. The defendant agrees not to commit any other federal, state, or local offense while awaiting sentencing.

11. The defendant agrees with the Government to a sentence within the range determined by the Court to be applicable under the United States Sentencing Guidelines, so long as the Government files and the Court grants the motions contemplated in paragraphs 1 and 2 above. In the event that the Government does not file or the Court does not grant one or both of the motions contemplated in paragraphs 1 and 2 above, the defendant expressly reserves his right to withdraw his plea of guilty and proceed to trial.

12. The defendant further agrees to a Life term of supervised release, in accordance with U.S.S.G. § 5D1.2(b) and 18 U.S.C. § 3583(k).

13. <u>Forfeiture of Assets.</u> The defendant agrees to forfeit all rights, title, and interest in any and all visual depictions described in 18 U.S.C. § 2252A, and in any book, magazine, periodical, film, videotape, computer, computer disk, or other matter which contains or contained any such visual depiction that was produced, transported, mailed, shipped, received or possessed in violation of that Section, including but not limited to his Toshiba Laptop Computer (Toshiba Satellite P105-S6084, Model #PSPAOU-06W01M, Serial #86048441W), which is subject to forfeiture pursuant to 18 U.S.C. § 2253. The defendant agrees not to file a claim to this asset in any civil or criminal judicial proceeding which may be initiated. The defendant agrees to waive his rights to notice of any forfeiture proceedings involving this asset and agrees not to file any claims in any forfeiture proceeding involving this asset. The defendant also knowingly and voluntarily waives all constitutional, legal and equitable defense to the forfeiture of the above asset in any proceeding. The defendant agrees to waive any jeopardy defense or claim of double jeopardy, whether constitutional or statutory and agree to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine, to the forfeiture of the above asset by the Government.

14. <u>Cooperation Agreement.</u> The defendant agrees to cooperate with the Government according to the following terms:

    a. *Full and Truthful Cooperation.* The defendant agrees to cooperate fully and to testify truthfully against any and all persons as to whom he may have knowledge, whether it be before a grand jury, in a trial or other court proceeding, or whenever called upon to do so. The defendant understands that this agreement does not require him to implicate any other particular individual or individuals or to "make a case" against anyone; rather, it requires him to be truthful and to testify truthfully and completely. The defendant agrees to be available, if required, for the review of documents and other materials and for interviews by law enforcement officers and attorneys for the Government upon reasonable request and to respond fully and truthfully to all questions asked of him by law enforcement officers and attorneys for the Government. The defendant agrees to submit to a polygraph examination conducted by the Government if requested to do so.

    b. *Limited Immunity.* Provided that the defendant satisfies the terms of this Plea Agreement, any information that the defendant truthfully discloses to the Government during the course of the defendant's cooperation will not be used against the defendant, directly or indirectly. This cooperation agreement does not extend to any subsequent prosecution of the defendant for crimes of violence, perjury, false statements, or obstruction of justice (see paragraph 6 above).

    c. *Material Breach.* If the defendant should fail in any way to fulfill completely his obligations under this agreement, then the Government will be released from its commitment to honor all of its obligations to the defendant. Thus, if at any time the defendant should knowingly and willfully withhold evidence from or provide false information to any agent,

attorney, investigator, officer, or witness for the Government, or any judge, jury, grand jury, court or tribunal of the Government, or if at any time the defendant fails to appear for any scheduled meeting with law enforcement agents or any scheduled court appearance in the Middle District of Alabama, then the Government will be released from this agreement and will be free, to the extent permitted by law, to take any or all of the following actions:

1. To prosecute the defendant for perjury, false declaration, false statement, and/or obstruction of justice (18 USC §§ 1621, 1623, 1001, 1503).

2. To prosecute the defendant for all violations of federal criminal law which the defendant has committed.

3. To use against the defendant in all of those prosecutions and sentencings the information and documents that the defendant has disclosed or furnished to the Government during the course of the defendant's cooperation.

4. To recommend a maximum sentence.

5. To seek forfeiture of any and all forfeitable properties of the defendant.

6. To seek forfeiture of any appearance bond made by the defendant.

7. To prosecute the defendant for the defendant's failure to appear at any scheduled court appearance, pursuant to 18 USC § 1073 or any other applicable state or federal criminal statute.

The parties agree to submit to the court, to be decided by a preponderance of the evidence standard, the question of whether the defendant has breached this agreement.

    15.    <u>Waiver of Rights to Appeal or Collaterally Attack the Sentence</u>

    a.    *Defendant's Waiver.* By entering into this Plea Agreement, the defendant knowingly and voluntarily waives any and all of his rights under 18 USC § 3742 to appeal the sentence in this case. The defendant specifically waives his right to appeal the sentence on the grounds that the Sentencing Guidelines are in any respect unconstitutional, or that any fact found

6

by the Court for sentencing was not alleged in the Indictment, admitted by the defendant, found by a jury, or found beyond a reasonable doubt. The defendant further waives his right to appeal the conviction and sentence on any other ground, including any challenge to the reasonableness of the sentence, and waives the right to attack the sentence in any post-conviction proceeding, including any subsequent supervised release or probation revocation proceeding.

      b.    *Exceptions.*  This waiver does not include (and the defendant expressly reserves) the right to appeal or collaterally attack his sentence on the grounds of ineffective assistance of counsel or prosecutorial misconduct, or, if permitted by law, on the grounds that one or more of the Specific Offense Characteristics listed in Section 2G2.2(b) of the United States Sentencing Guidelines should or should not have been included in the calculation of his advisory Guidelines range. The defendant is released from this waiver if the Government files an appeal under 18 USC § 3742(b).

      c.    *No Waiver by Government.*  Nothing in this Plea Agreement affects the Government's right and/or duty to appeal the sentence imposed in the case, as set forth in 18 USC § 3742(b). Nor does the Government waive its right to appeal any order dismissing the Indictment, vacating a sentence, or otherwise terminating the prosecution at any stage of the proceedings.

## FACTUAL BASIS

16.    The defendant admits the allegation charged in Count 1 of the Indictment and understands that the nature of the charges to which the plea is offered involves proof that he committed the crime of **Receiving Child Pornography in Interstate Commerce by Computer** as follows:

On or about August 27, 2007, in Montgomery County, within the Middle District of Alabama, the defendant, WILLIAM TOBY KIMBROUGH, knowingly downloaded onto a laptop computer certain video files that contained child pornography, that is, visual depictions of minors engaging in sexually explicit conduct. The video files received by the defendant had been mailed, shipped, and transported in interstate and foreign commerce by computer. All in violation of 18 U.S.C. § 2252A(a)(2).

## **DEFENDANT'S UNDERSTANDING AND ACKNOWLEDGEMENT**

17.     After conferring with his attorneys and before entering a plea of guilty to Count 1, the defendant advises the Court that he understands the following to be true:

   a.     The defendant has the right to plead not guilty, the right to be tried by a jury, the right to the assistance of counsel at every stage of the proceedings, the right to confront and cross-examine witnesses against him, the right to call witnesses on his behalf, and the right not to be compelled to incriminate himself. By entering a plea of guilty, the defendant waives all of those rights, and there will be no trial of any kind in this case.

   b.     In entering a plea of guilty herein, the Court may ask the defendant questions about the offense to which the plea is entered. Evidence of a plea of guilty later withdrawn, an offer to plead guilty to the crime charged in the Indictment, or statements made in connection with and relevant to a guilty plea are not admissible in any civil or criminal proceedings against the defendant, except in a criminal proceeding for perjury or false statement, and only if the defendant makes a false statement under oath, on the court record, and in the presence of counsel.

   c.     The United States Probation Office will prepare for the Court a pre-sentence investigation report, in which the Probation Officer will recommend a sentence based upon the calculated offense level, the defendant's criminal history, as well as any relevant conduct related to the offense to which the plea is offered. The offense level or criminal history category

calculated by the Probation Officer and determined by the court may differ from that projected by defendant's counsel or the Government.

      d.    At sentencing, the Court will find by a preponderance of the evidence the facts used to determine the defendant's Guidelines offense level, criminal history category, and sentence. For that purpose, the Court may consider any reliable evidence, including hearsay.

      e.    The Court is not bound to accept the terms of this Plea Agreement. If the Court rejects this Plea Agreement, the defendant will be given an opportunity to withdraw his plea. If the defendant does not withdraw his plea at that time, the Court may dispose of the case either more favorably or less favorably toward the defendant than this Plea Agreement contemplated.

      f.    The maximum penalty allowed by law for knowingly receiving child pornography is 20 years in prison, a $250,000 fine, lifetime on supervised release, a $100 assessment fee, and restitution to any victims of the offense.

      g.    In determining the particular sentence to impose, the Court will consider the United States Sentencing Guidelines, as well as all of the factors listed in Title 18, United States Code, Section 3553(a).

      h.    There is no possibility of parole in the federal prison system, and the defendant will likely serve all or substantially all of his prison sentence.

      i.    If the Court imposes a fine in this case, the defendant will be required to make an honest, good faith effort to pay the fine as directed by the Financial Litigation Section of the United States Attorney's Office. To that end, the defendant will meet with a member of the Financial Litigation Section on the day of sentencing and complete a written personal financial statement, setting forth the defendant's assets and liabilities as of the date of the offense. The

defendant further understands that by completing the financial statement, he is representing that it is true and accurate to the best of his information, knowledge, and belief.

    j.    Pursuant to Title 18, United States Code, Section 3013, the defendant will be ordered at sentencing to pay an assessment fee of $100.00, which will be due and payable to the Court immediately.

    k.    The defendant has been advised and understands that, under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment, and, if the defendant is a student, the location of the defendant's school. Registration will require that the defendant provide information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or a student. The defendant understands that he must update his registrations not later than three business days after any change of name, residence, employment, or student status. The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, Title 18, United States Code, Section 2250, which is punishable by a fine or imprisonment, or both.

    l.    This Plea Agreement is the result of prior discussions between the attorney for the Government and the attorney for the defendant. Those discussions were all conducted with the defendant's authorization, knowledge, and consent.

    m.    This Plea Agreement and the plea to be entered by the defendant as a result thereof are voluntary and are not the result of any force or threats, or of any promises apart from what has been expressly agreed upon in this Plea Agreement itself.

## REPRESENTATIONS OF THE PARTIES

18.   The undersigned attorneys for the Government and for the defendant represent to the Court that the foregoing Plea Agreement is the agreement of the parties that has been reached pursuant to Rule 11, Federal Rules of Criminal Procedure, as Amended.

19.   The attorney for the defendant represents to the Court that he has advised the defendant on all of the contents of this Plea Agreement, including specifically all of the provisions listed in Paragraph 17 herein, and that he is satisfied that the defendant adequately understands all of the contents of this Plea Agreement.

This 16th day of June, 2008.                    Respectfully submitted,

                                                LEURA G. CANARY
                                                UNITED STATES ATTORNEY


_____                 _____
Andrew O. Schiff                                Nathan D. Stump
Deputy Chief, Criminal Division                 Assistant United States Attorney
                                                131 Clayton Street
                                                Montgomery, Alabama  36104
                                                Tel:  (334) 223-7280
                                                Fax:  (334) 223-7135
                                                Email:  nathan.stump@usdoj.gov

I have read this Plea Agreement, understand the same, and attest that the matters and facts set forth herein accurately and correctly state the representations that have been made to me and the conditions of the Plea Agreement that has been reached. I am satisfied that my attorney, Daniel G. Hamm, Esq., has represented my interests in this matter competently and effectively. IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE AND CORRECT.

_____     JUNE 16, 2008
WILLIAM TOBY KIMBROUGH                Date
Defendant

_____     6-16-08
DANIEL G. HAMM, Esq.                  Date
Attorney for the Defendant