IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | CRIMINAL ACTION NO. |
| v. ) | 2:07cr260-MHT |
| ) | (WO) |
| WILLIAM TOBY KIMBROUGH ) | |

**AMENDED OPINION AND ORDER**

The government has requested an evaluation by the Bureau of Prisons (BOP) of defendant William Toby Kimbrough's mental health prior to sentencing. He has admitted to the charges in his third petition for revocation of supervised release, for, among other things, possessing sexually explicit depictions of persons under the age of 18, in violation of a special condition of his supervision. He has a lengthy history of severe substance abuse, which began when he began abusing drugs and alcohol in his early teens. Following his two previous revocations, he received treatment for his alcohol- and substance-abuse disorders, and reportedly has been sober for over a year and a half.

However, he also reportedly suffers from serious mental illness, which includes an alleged addiction to pornography.

This court has held that where there is a reasonable basis to believe that a defendant's mental disease or defect contributed to the conduct underlying his or her conviction, the court should order a mental-health evaluation. *See United States v. Mosley*, ___ F.Supp.3d ____, 2017 WL 4230221 (M.D. Ala. Sept. 2017) (Thompson, J.). Such an evaluation is necessary to aid the court in fashioning an appropriate sentence, by helping to determine (1) how a defendant's mental disorder(s) may affect his or her *culpability* for the offense conduct; and (2) what type of *treatment*, if any, the defendant should receive during supervised release. The mental-health evaluation should, therefore, focus on these dual, overlapping issues of culpability and treatment: the role, if any, defendant's mental disorder(s) played in his or her charged conduct, and what treatment is recommended for defendant's disorders

in light of his or her individual characteristics and history.

As stated, Kimbrough is facing punishment for, among other things, possession of child pornography, and there is reason to believe that his criminal conduct was impacted by pornography addiction and possibly other mental disorders. Further, while his mental health was evaluated in the past, he has never received an in-patient, longitudinal assessment.* Finally, the need to transfer him to an in-patient setting is apparent because this is his third revocation in five years: failure to identify and treat the mental issues that underlie his inability to comply with the conditions of

---

\* For this revocation, Kimbrough submitted a report by a psychologist--Dr. David Ghostley--who found that Kimbrough is currently suffering from Post-Traumatic Stress Disorder, Persistent Depressive Disorder, Anxiety, and Pornography Addiction. *See* Ghostley Report (doc. no. 117-1) at 4. While Dr. Ghostley's report was immensely helpful to the court in identifying potential mental illnesses Kimbrough is suffering from, it was limited to one clinical interview, one clinical assessment, and a review of Kimbrough's Presentence Investigation Report.

his supervised release will undeniably result in more revocations, and, as a result, more time in custody.

18 U.S.C. § 3552(b) authorizes the court to order that the study be done by the BOP upon the finding of a "compelling reason" or where there are no adequate professional resources available in the local community to perform the study. In this case, the court seeks a comprehensive, longitudinal evaluation of Kimbrough's mental health, including whether he suffers from pornography addiction and any co-occurring mental disorders, and the development of specialized treatment plan that will help to ensure that he does not continue to violate the law. There are no locally available resources that could provide such an evaluation in the jail where he is housed (or in any other local jail for that matter). Such an extended and comprehensive evaluation is simply not feasible given the restrictions on access to prisoners in a jail environment. Furthermore, releasing him from jail in order to obtain such an evaluation in the community is not an option due

to the high risk that he would abscond from supervision again.

Kimbrough has no objection to the government's motion. Because Kimbrough does not oppose being transported, and committed, to a BOP facility for the mental-health evaluation, no due-process concerns are raised. *See Mosley*, \_\_\_ F.Supp.3d at \_\_\_, 2017 WL 4230221 at *5.

**\*\*\***

Accordingly, in order to ensure that defendant William Toby Kimbrough is not inappropriately punished for having a disease, to assess accurately his culpability for the offense, and to mete out any necessary rehabilitative treatment, it is ORDERED that the government's motion for a psychiatric examination (doc. no. 117) is granted as follows:

(1) The United States Marshal for this district shall immediately remove defendant William Toby Kimbrough to the custody of the warden of an appropriate

institution as may be designated by the Attorney General, where he is to be committed for the purpose of being observed, examined, and treated by one or more qualified psychiatrists or psychologists at the institution, pursuant to 18 U.S.C. § 3552(b). The statutory time period for the examination shall commence on the day defendant Kimbrough arrives at the designated institution. The examination shall be conducted in the suitable facility closest to the court, unless impracticable.

(2) Pursuant to 18 U.S.C. § 3552(b), the examining psychiatrists or psychologists shall evaluate defendant Kimbrough's psychological condition for the purposes of sentencing and shall include their findings in a report to be presented to this court.

    (a) To assist the court in assessing defendant Kimbrough's culpability, the study shall discuss his mental-health history and characteristics, and shall particularly address (i) whether he suffers from pornography addiction, any ongoing substance-abuse

disorders and/or other mental disorder(s) and if so, which one(s); (ii) what role, if any, his pornography addiction and/or other mental disorder(s) played in his commission of the offenses for which he now faces sentencing; and (iii) how his pornography addiction and/or other mental disorder(s) impact his ability to refrain from possessing child pornography.

      (b) In addition to assessing whether defendant Kimbrough suffers from pornography addiction or any other mental disorder(s), the study shall provide recommendations for treatment to be provided to him while on supervised release. The study should address, in light of his failure to refrain from possessing child pornography and his other violations of the conditions of supervision, his personal characteristics, history, and circumstances; his mental health; and which treatment modalities, treatment settings, and supportive or other services are likely to be most effective in helping him to refrain from possessing illicit sexual material

7

depicting minors and to learn to respond to life stressors without resorting to illegal activities.

(3) Finally, the study shall discuss any other matters the Bureau of Prisons believes are pertinent to the sentencing factors set forth in 18 U.S.C. § 3553(a).

It is further ORDERED that the amended opinion and order entered today shall replace, retroactively, the opinion and order previously entered on January 16, 2018 (doc. no. 120). This amended opinion and order clarify that the court is NOT seeking a competency evaluation pursuant to 18 U.S.C. §§ 4241 and 4247(b) & (c).

DONE, this the 20th day of February, 2018.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE